IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DAVID N. DRESSLER,

      Plaintiff,

v.                                                  Case No. 2:18-cv-01126

JEFFERSON COUNTY, WV, *et al.*,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

      This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss filed by Gina M. Groh (ECF No. 9); a Motion to Dismiss filed by the State of West Virginia, Supreme Court of Appeals of West Virginia, Natalie E. Tenant, Elizabeth A. Summit, Harlan D. Heil, West Virginia Division of Motor Vehicles, Andrea J. Hinerman, West Virginia State Police, and West Virginia Lawyer Disciplinary Board (hereinafter "the State Defendants") (ECF No. 12); a Motion to Dismiss filed by John K. Dorsey and George M. Manning (ECF No. 14); and a second Motion to Dismiss filed by George M. Manning (ECF No. 15).

**PROCEDURAL HISTORY**

      This matter was initially filed by the *pro se* plaintiff in the United States District Court for the Northern District of West Virginia on June 26, 2018. The plaintiff paid the applicable $400 filing fee in that court. Then, on July 5, 2018, the Honorable Irene M.

Keeley, United States District Judge for the Northern District of West Virginia, transferred the matter to this court, pursuant to 28 U.S.C. § 455(a), due to a perceived conflict of interest because the Honorable Gina M. Groh, Chief Judge of the United States District Court for the Northern District of West Virginia, is named as a defendant therein, along with her husband, a Jefferson County Prosecuting Attorney.

As noted in the accompanying Order denying the plaintiff's Motion to Recall/Change Venue, many of the other defendants, *i.e.* the State Defendants, reside in Charleston, West Virginia, so venue is appropriate in this Court. Due to an administrative oversight, however, upon the transfer of this matter, the Clerk of this Court failed to issue the summonses. As set forth *infra*, this clerical oversight should not be held against the *pro se* plaintiff and the court could find good cause for the failure to serve the summonses within the Rule 4(m) period.

The plaintiff's Complaint, which is not a model of clarity, names 26 defendants consisting of county, state, and federal officials or agencies who appear to have somehow been involved in proceedings that resulted in the denial of licenses or permits to the plaintiff. (ECF No. 1, *passim*). Specifically, as noted by the State Defendants in their Memorandum of Law in support of their Motion to Dismiss, the Complaint appears to allege that the various defendants have wrongfully maintained and provided false records concerning the plaintiff's criminal history; convicted him of driving without a license; denied him private investigator and bounty hunter licenses; denied his right to carry a concealed weapon; and otherwise engaged in fraudulent behavior. (ECF No. 1 at 9-10; ECF No. 13 at 2).

A review of the Complaint further demonstrates that the plaintiff contends that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the matter

2

allegedly involves a federal question. However, the Complaint further asserts only that the defendants violated various federal criminal statutes, including 18 U.S.C. § 1031 (Major Fraud Against the United States); 18 U.S.C. § 1038 (False Information and Hoaxes); 28 U.S.C. 4101 (Definitions)[1]; 18 U.S.C. § 1349 (Attempt and Conspiracy); 18 U.S.C. § 1341 (Frauds and Swindles); 18 U.S.C. § 1503 (Influencing or Injuring Officer or Juror Generally); 18 U.S.C. § 371 (Conspiracy to Commit Offenses to Defraud United States); and 18 U.S.C. 1001 (Statements or Entries Generally). (ECF No. 1 at 7; ECF No. 13 at 2). The State Defendants' motion documents note that such statutes do not provide a private right of action. (ECF No. 13 at 2 n.2).

Additionally, the State Defendants' motion asserts that this court lacks subject matter jurisdiction over them because they are not persons who can be sued under 42 U.S.C. § 1983 and are immune from a suit for damages under the Eleventh Amendment, and because the plaintiff is relying upon statutory law that provides no private right of action. All of the defendants' motions also assert that none of the defendants were served with process within the 90 day-period provided for in Rule 4(m) of the Federal Rules of Civil Procedure and, thus, the Complaint should be dismissed thereunder. The undersigned will address these issues as necessary in turn.

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A

---

1 While 28 U.S.C. § 4101 is the only statute cited by the plaintiff that is not part of the federal criminal code, that section contains definitions used with respect to recognition of foreign judgments, which is inapplicable to the facts of this case and does not provide a private right of action under 42 U.S.C. § 1983.

district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim, and the court may raise that issue *sua sponte*. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez,* 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

### A. Lack of subject matter jurisdiction.

As noted by the State Defendants' motion, the plaintiff has not specifically alleged a claim against any of the defendants that would entitle him to relief under the United States Constitution or any federal statute providing for a private right of action thereunder. Thus, the plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff's reliance on federal criminal statutes is insufficient to confer subject matter jurisdiction, as the plaintiff cannot bring a civil action to enforce such statutes. *See Leeke v. Timmerman,* 454 U.S. 83, 85, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994) (criminal statutes do not provide private causes of action); *Brown v. State Farm Fire and Cas. Co.,* No. 3:11–CV–1435, 2013 WL 951726, at *3 n. 2 (D. Conn. March 12, 2013) (obstruction of justice and 18 U.S.C. §§ 1501–07 are criminal statutes that do not give rise to private causes of action) (citations omitted); *Garay v. United States Bancorp,* 303 F.Supp.2d 299, 303 (E.D.N.Y. 2004) (obstruction of justice is a criminal matter for which there is no private cause of

4

action) (citations omitted); *United States ex rel. Farmer v. Kaufman,* 750 F. Supp. 106, 108–109 (S.D.N.Y.1990) (plaintiff had no standing to bring a civil suit under criminal statutes prohibiting obstruction of justice-nor will court imply such authority to bring suit) (citations omitted).

Nor has the plaintiff demonstrated that he can meet the requirements for diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because he and all of the defendants appear to be citizens of the State of West Virginia. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over the plaintiff's claims against all of the defendants.

> **B.** **The State Defendants in their official capacities are not persons under section 1983 and are entitled to immunity from suit under the Eleventh Amendment.**

The State Defendants' Motion to Dismiss asserts that this Court also lacks jurisdiction over them because they are not persons who can be sued under 42 U.S.C. § 1983 and because the plaintiff's claims are barred by the Eleventh Amendment. (ECF No. 13 at 3-7). In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the

Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

The plaintiff's Complaint does not indicate whether he is suing the individual defendants in their official or personal capacities, or both. Nonetheless, each is named by their official title with state governmental entities suggesting that the claims are asserted against them in their official capacities. Accordingly, to the extent that the Complaint is construed to be asserted, in part, against each individual defendant in their official capacities, those defendants, along with the state agencies named as defendants herein, are not persons subject to suit under section 1983 and are immune from a suit for damages pursuant to the Eleventh Amendment. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that this federal court lacks subject matter jurisdiction to consider the claims against those defendants on the basis of sovereign immunity.[2]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, and to otherwise **DENY WITHOUT PREJUDICE** the defendants' Motions to Dismiss (ECF Nos. 9, 12, 14, and 15).

---

[2] Although the defendants' Motions to Dismiss and Memoranda of Law also cite to Rule 4(m) of the Federal Rules of Civil Procedure as a basis for dismissal of the Complaint, because there are jurisdictional bases for dismissal of the Complaint, the undersigned finds it unnecessary to propose a specific finding on this basis. Nevertheless, the undersigned notes that a clerical oversight on the part of the Clerk's Office when this matter was transferred resulted in the failure to issue the summonses herein. Consequently, if the presiding District Judge declines to dismiss the Complaint on jurisdictional grounds, the undersigned believes there would be good cause to extend the Rule 4(m) period to permit service of process within a reasonable time.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 17, 2019

Dwane L. Tinsley
United States Magistrate Judge